UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARMON BRADLEY LEWIS, ) | |
| ) | Case No. _____ |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| SCHOOL DIRECTORS OF DISTRICT ) | |
| NO. 7, COUNTY OF MADISON AND ) | |
| STATE OF ILLINOIS, a/k/a ) | |
| EDWARDSVILLE, IL SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Harmon Bradley Lewis, through his attorneys, and for his Complaint against Defendant School Directors of District No. 7, County of Madison and State of Illinois, a/k/a Edwardsville, IL School District, alleges:

Nature of Case

1. Defendant employs Plaintiff to provide audio visual technician services for its school district. During times relevant, except for a medical leave for some months in 2015, Defendant has required Plaintiff to provide such services for approximately 52 hours each work week for eight months each year and for approximately 75 hours each work week for one month each year. However, Defendant has failed and refused to pay overtime for the many hours it has required Plaintiff to work in excess of 40 hours per week. Plaintiff seeks to recover unpaid overtime wages for all time worked under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*

1

**Jurisdiction and Venue**

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. The IMWL authorizes court actions by private parties to recover damages for violation of the IMWL's wage and hour provisions. 820 ILCS § 105/12(a). Jurisdiction over the IMWL claims of Plaintiff is based on 28 U.S.C. § 1367 (pendent claims) and 820 ILCS § 105/12(a).

4. Jurisdiction over Plaintiff's *quantum meruit* claim is based on 28 U.S.C. § 1367 (federal jurisdiction).

5. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because the principal place of business maintained by Defendant is located in this district, Defendant employs Plaintiff within this district, and the unlawful conduct giving rise to the claims occurred in this district.

**Parties**

6. Plaintiff Harmon Bradley Lewis resides in Edwardsville, Illinois and has worked for Defendant as an audio visual technician for more than 17 years.

7. Defendant School Directors of District No. 7, County of Madison and State of Illinois, a/k/a Edwardsville, IL School District, is the body politic and corporate for the public school district located in Edwardsville, Illinois, which is located within the Southern District of Illinois, and is an entity subject to suit in this Court pursuant to 105 ILCS § 5/10-2.

**General Allegations**

8. Under the FLSA and Illinois law, employers are required to pay their employees overtime wages for all hours worked in excess of 40 hours per week. 29 U.S.C. Sec. 207(a); 820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a.

9. Plaintiff has worked for Defendant as an audio visual technician for more than 17 years, during which time, except for a medical leave for some months in 2015, Defendant has suffered or permitted Plaintiff to work an approximately 52 hour work week for eight months each year and an approximately 75 hour work week for one month each year, without paying Plaintiff any overtime.

10. Defendant has failed to record, and pay for, work performed by Plaintiff during evenings and weekends which was known, or should have been known, to Defendant.

11. Defendant did not record all of the time Plaintiff worked and did not pay Plaintiff for all of the time he worked.

12. Defendant's deliberate failure to pay Plaintiff overtime compensation violates the FLSA and Illinois law.

13. Plaintiff was not exempt from the FLSA and IMWL.

14. In the course of perpetrating these unlawful practices, Defendant also has failed to keep accurate records of the hours worked each day and each workweek by Plaintiff as required under federal and Illinois law. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2; 820 ILCS 115/10; Ill. Admin. Code §§ 210.700 & 300.630.

15. The net effect of the policies and practices maintained and administered by Defendant, instituted and approved by Defendant's managers, is that Defendant willfully failed

to pay overtime compensation and willfully failed to keep accurate time records and thus saved payroll costs.

16. Defendant thus enjoyed ill-gained profits at the expense of Plaintiff.

### Count I: Violation of the Fair Labor Standards Act of 1938 By Failing to Pay Overtime Premiums

17. Plaintiff reasserts and re-alleges the allegations set forth above.

18. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

19. The FLSA regulates, among other things, the payment of overtime to employees such as Plaintiff who are engaged in interstate commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

20. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and Plaintiff and Defendant's other employees are engaged in commerce.

21. During all times relevant to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA. 29 U.S.C. §§ 203(d) & (g).

22. During all times relevant to this action, Plaintiff was Defendant's "employee" within the meaning of the FLSA. 29 U.S.C. §§ 203(e) & (g).

23. The FLSA exempts certain categories of employees from overtime pay obligations; however, none of the FLSA exemptions apply to Plaintiff. 29 U.S.C. § 213.

24. Pursuant to the FLSA, non-exempt employees are entitled to be compensated at a rate of not less than one and on-half times the regular rate at which such employees are employed for all work performed in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(1).

25. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay Plaintiff overtime wages required under the FLSA. *Id.*

26. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for whether, its conduct was prohibited by the FLSA.

27. Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime compensation, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

28. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff. Accordingly Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff demands judgment against Defendant and prays for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II:  Violation of the Illinois Minimum Wage Law By Failing to Pay Overtime Premiums

29. Plaintiff reasserts and re-alleges the allegations set forth above.

30. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS § 105/1 *et seq*.

31. The IMWL regulates, among other things, the payment of overtime by employers, subject to limited exemptions not applicable herein. 820 ILCS §§ 105/3(c) & (d); 820 ILCS § 105/4a.

32. During all times relevant to this action, Defendant was the "employer" of Plaintiff within the meaning of the IMWL. 820 ILCS §§ 105/3(c) & (d).

33. During all times relevant to this action, Plaintiff was Defendant's "employee" within the meaning of the IMWL. 820 ILCS § 105/3(d).

34. Although Defendant may have misclassified Plaintiff as "exempt" from the IMWL, none of the IMWL's exemptions apply to Plaintiff. 820 ILCS § 105/3(d).

35. Pursuant to the IMWL, employees are entitled to be compensated for all hours worked and compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 820 ILCS § 105/4a(1).

36. Defendant, pursuant to its policy and practice, violated the IMWL by refusing and failing to pay Plaintiff overtime premium wages for overtime work. 820 ILCS § 105/4a(1).

37. Plaintiff is the victim of a uniform and employer-based compensation policy. This uniform policy, in violation of the IMWL, has been applied, and continues to be applied, to Plaintiff.

38. Plaintiff is entitled to damages equal to all unpaid overtime wages due for the last three (3) years. 820 ILCS § 105/12(a).

39.     Plaintiff is entitled to damages equal to 2% of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid.  820 ILCS § 105/12(a).

40.     Plaintiff is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

41.     Defendant is liable pursuant to 820 ILCS § 105/12(a) for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff demands judgment against Defendant and prays for: (1) compensatory damages; (2) additional damages equal to 2% per month of the cumulative unpaid wages and overtime compensation due per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count III – *Quantum Meruit*

42.     Plaintiff reasserts and re-alleges the allegations set forth above.

43.     Defendant recognized the benefits conferred upon it by Plaintiff.

44.     Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

45.     Defendant has thereby been unjustly enriched and/or Plaintiff has been damaged.

46.     The payment requested by Plaintiff for the benefits produced by him is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

47. Plaintiff is entitled to damages equal to all unpaid wages due between the date five (5) years preceding the filing of this Complaint and the beginning of the applicable limitations period under the FLSA, plus periods of equitable tolling.

48. Plaintiff is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Complaint, Plaintiff demands judgment against Defendant and prays for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**WEINHAUS & POTASHNICK**

/s/ Mark A. Potashnick
Mark A. Potashnick (IL Bar # 6271083)
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone:	(314) 997-9150
Facsimile:	(314) 997-9170
Email:		markp@wp-attorneys.com

and

**LIBERMAN, GOLDSTEIN & KARSH**
Eli Karsh, (IL Bar # 6226863)
230 S. Bemiston Ave., Suite 1200
St. Louis, MO 63105
Telephone:	(314) 862-3333, ext. 13
Facsimile:	(314) 862-0605
Email:		elikarsh@aol.com

**ATTORNEYS FOR PLAINTIFF**